UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-22621-Civ-COOKE

RODRIGO SALTON MATTEVI,

    Plaintiff,

vs.

LINDA SWACINA, District Director, USCIA,
Miami; UNITED STATES CITIZENSHIP &
IMMIGRATION SERVICES, MIAMI DISTRICT,

    Defendants.
_____/

### ORDER REMANDING APPLICATION FOR NATURALIZATION

THIS MATTER is before the Court on Plaintiff's Request for Hearing Before District Court and Complaint for Mandamus (ECF No. 1), the Defendants' Response to Order to Show Cause (ECF No. 7), and Plaintiff's Reply to Defendants' Response to Order to Show Cause (ECF No. 8). For the reasons provided herein, Plaintiff's Request for Hearing Before District Court and Complaint for Mandamus is granted in part and denied in part.

### FACTUAL AND PROCEDURAL BACKGROUND

The following facts are not in dispute. Plaintiff Rodrigo Salton Mattevi ("Mr. Mattevi" or "Plaintiff"), a Brazilian national, is a lawful permanent resident of the United States. Compl. ¶ 1. He filed his Application for Naturalization ("Application") on November 6, 2012 and was interviewed in connection with his application on April 2, 2013. *Id.* at ¶¶ 6-7. At his interview, Plaintiff passed the tests administered to him on the subjects of English, U.S. History and Government, but was then informed that a decision on his Application could not be made as it required further review by a supervisor. *Id.* at ¶ 8. Plaintiff alleges that he was assured that no further paperwork was necessary for his case and that his interview was complete. However, his Application for Naturalization has now been pending for almost two years. *Id.* Plaintiff further alleges that his numerous inquiries to the Bureau of Citizenship and Immigration Services regarding his Application have yielded no new information; he receives responses stating only that his case is "under review." *Id.* at ¶ 11.

On July 14, 2014, Plaintiff filed the instant petition, pursuant to 8 U.S.C. § 1447(b),

requesting that the Court adjudicate his Application for Naturalization (ECF No. 1).  Plaintiff also requested an award of costs and attorney's fees.  I issued an Order Requiring Response (ECF No. 5) on July 18, 2014, requiring the Defendants to file a response to Plaintiff's request stating why the relief sought by Plaintiff should not be granted.  On September 15, 2014, Defendants filed their Response, requesting that the Court remand this matter to the United States Citizenship and Immigration Services ("USCIS") with instructions.  Plaintiff, in his Reply filed on September 18, 2014 (ECF No. 8), indicated his disagreement with the Defendants' request to remand his Application for further consideration.  Plaintiff requests that this Court decide his Application for Naturalization.

## DISCUSSION

Federal district courts have subject matter jurisdiction over naturalization applications in only two situations.  First, if an application has been denied, an applicant may petition a district court for a *de novo* review of the denial, but only "after a hearing before an immigration officer under section 1447(a)."  8 U.S.C. § 1421(c).  Second, an applicant, like Mr. Mattevi, may petition a district court for a hearing if USCIS fails to render a decision on the application "before the end of the 120-day period after the date on which the examination is conducted." 8. U.S.C. § 1447(b).  The district court then has jurisdiction over the naturalization application to either "determine the matter or remand the matter, with appropriate instructions, to [USCIS]."  *Id.*  Therefore, given that it has been over 120 days since Mr. Mattevi's interview, this Court has jurisdiction over his Application.

Although this Court has subject matter jurisdiction over Mr. Mattevi's Application, § 1447(b) provides that the district court has the discretion to "either determine the matter or remand the matter [to USCIS], with appropriate instructions."  So, while I have the authority to decide Plaintiff's Application for Naturalization, I believe that remand is the better course at this time, given that USCIS will be better able to, in the first instance, evaluate the information in the Application, identify any concerns therein, and otherwise develop the record.  *See Silebi De Donado v. Swacina*, 486 F. Supp. 2d 1360, 1364 (S.D. Fla. 2007) (following a majority of courts that have remanded similar cases back to the USCIS for a final determination) (citations omitted).  Additionally, should Plaintiff be dissatisfied with the decision rendered by USCIS, he may return to this Court, after exhaustion of his administrative remedies, for a *de novo* determination.  8 C.F.R. § 336.9(d).

## CONCLUSION

Accordingly, for the aforementioned reasons, it is hereby **ORDERED and ADJUDGED** that:

1. Plaintiff's Request for Hearing Before District Court and Complaint for Mandamus (ECF No. 1) is **GRANTED in part and DENIED in part**.
2. This matter is **REMANDED** to USCIS.  USCIS is directed to render a final decision on Mr. Mattevi's Application for Naturalization within sixty (60) days from the date of this Order.
3. If a decision on Mr. Mattevi's Application for Naturalization has not been issued within sixty (60) days from the date of this Order, Mr. Mattevi shall file a notice with the Court, setting forth the status of his Application, whereupon this Court will reopen the case and render a decision on his Application for Naturalization.
4. All pending motions, is any, are **DENIED** *as moot*.
5. The Clerk shall **ADMINISTRATIVELY CLOSE** this case.

**DONE and ORDERED** in chambers at Miami, Florida, this 9th day of April 2015.

*[signature]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of Record*